# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE, )
)
v. ) ID No. 1009012821
)
BRANDON ROBINSON, )
)
Defendant. )

Date Submitted: February 8, 2024
Date Decided: March 21, 2024

## **ORDER**

Upon consideration of Defendant Brandon Robinson's ("Robinson") Motion for Transcripts and To Proceed *In Forma Pauperis* ("Motion"),[1] Superior Court Criminal Rule 61,[2] statutory and decisional law, and the record in this case, **IT APPEARS THAT:**

(1) On September 22, 2011, Robinson was found guilty by jury trial of Murder First Degree and Possession of a Firearm During the Commission of a Felony ("PFDCF").[3] On June 8, 2012, Robinson was sentenced as follows: for Murder First Degree (IN10-09-1627), Level V for the balance of his natural life; and for PFDCF (IN-10-09-1629), 8 years at Level V.[4]

---

[1] D.I. 122, 123.
[2] Super. Ct. Crim. R. 61.
[3] D.I. 48.
[4] D.I. 60.

(2)     Robinson appealed his conviction which was affirmed by the Supreme Court on October 2, 2013.[5]

(3)     Robinson filed his first postconviction relief motion on October 2, 2013,[6] alleging *Brady* violations and ineffective assistance of counsel.[7]

(4)     On May 29, 2014, a motion to compel production of discovery and issuance of a discovery protective order was filed in connection with Robinson's first postconviction relief motion, and it was granted on September 22, 2014.[8]

(5)     On February 25, 2016, the Superior Court denied Robinson's first postconviction relief motion.[9]

(6)     Robinson filed an appeal of the Superior Court's denial to the Supreme Court on March 28, 2016.[10] The Supreme Court affirmed the denial on November 2, 2016.[11]

(7)     On February 8, 2024, Robinson filed the instant Motion for Transcripts and to Proceed *In Forma Pauperis*.[12] He requests transcripts for his preliminary

---

[5] D.I. 74.
[6] D.I. 75.
[7] *Id*.; *Robinson v. State*, 149 A.3d 158 (TABLE) (Del. 2016) ("Robinson raises four issues on appeal: (1) the Superior Court erred by denying his direct claim of multiple *Brady* violations; (2) Robinson's counsel was constitutionally ineffective for failing to move for a mistrial based on the alleged *Brady* violations; (3) the Superior Court erred by denying Robinson's claim of cumulative due process errors; and (4) the Superior Court abused its discretion when it refused to grant an evidentiary hearing.").
[8] D.I. 83, 87.
[9] D.I. 117.
[10] D.I. 118.
[11] D.I. 121.
[12] D.I. 122, 123.

hearing, his indictment, a motion to disclose the identity of a confidential informant, an office conference proceeding on August 29, 2011, a September 22, 2011 Order by the Court; the State's motion in *limine* dated September 13, 2011; a letter from James Kriner to Eugene Mauer on September 12, 2011; the jury instructions from his trial, the trial transcripts, the transcripts for jury selection, and an email from James Kriner dated September 23, 2011.[13]

(8)    Under Rule 61(d)(4), the Court has discretion to order transcripts when a defendant has shown "good cause" and stated a "particularized need" for transcripts."[14]  However, "[t]here is no absolute right to free transcripts in the postconviction stage."[15]

(9)    In support of his Motion, Robinson argues that he is preparing another postconviction relief motion based on the "new evidence" exception to the second motion procedural bar under Rule 61.[16]  He claims he is preparing a motion alleging *Brady* violations and ineffective assistance of counsel—both of which he previously has submitted for the Court's consideration in his first postconviction appeal.[17]

---

[13] D.I. 122.
[14] Super. Ct. Crim. R. 61(d)(4).
[15] *State v. Hassan-El*, 2024 WL 687842, at *2 (Super. Ct. Feb. 29, 2024) (citing *State v. Jackson*, 2006 WL 1229684, at *2 (Del. Super. May 3, 2006)).
[16] D.I. 122. *See* Super. Ct. Crim. R. 61.
[17] *Id*.

3

(10)  Under Rule 61(d)(2), successive postconviction relief motions will be summarily dismissed unless Robinson pleads with particularity that he is "actually innocent" based on new evidence.[18]

(11)  Robinson requests transcripts to provide support for his successive postconviction relief motion for alleged *Brady* violations and an ineffective assistance of counsel claim—the same bases he raised in his first postconviction relief motion.[19]  He claims that the transcripts will help him provide "new evidence" to surpass the successive postconviction relief motion procedural bar.[20]  However, old transcripts and letters will not be considered "new evidence" if he was able to previously rely on them during trial.[21]  Therefore, he provides no new evidence basis for a successive postconviction appeal motion.

(12)  Robinson has provided no basis for which he would be successful on a successive postconviction motion.  Additionally, he provides no factual or legal support for his Motion.  Therefore, the Court will not grant his Motion for Transcripts.

**NOW, THEREFORE, IT IS HEREBY ORDERED** that Brandon Robinson's Motion for Transcripts and To Proceed *In Forma Pauperis* is **DENIED**.

---

[18] Super. Crim. Ct. R. 61(d)(2).
[19] *Robinson v. State*, 149 A.3d 158 (TABLE) (Del. 2016).
[20] D.I. 122.
[21] *Purnell v. State*, 254 A.3d 1053, 1097 (Del. 2021) ("[E]vidence is new where it was discovered since trial, and the circumstances must be such as to indicate that it could not have been discovered before trial with due diligence.") (internal quotations and citations omitted).

**IT IS SO ORDERED.**

/s/ Jan R. Jurden

Jan R. Jurden, President Judge

cc:    Original to Prothonotary
        Abigail E. Rodgers, DAG
        Brandon Robinson (SBI # 00611129)